IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DON DURU and MONICA MOORE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. |
| TAZHIBAEV EMILBEK, GLOBAL TRANSPORTATION, LLC, KAVKAZ EXPRESS, LLC, and KNIGHT SPECIALTY INSURANCE COMPANY, | ) ) ) ) ) | |
| Defendants. | | |

## **COMPLAINT**

COME NOW Plaintiffs in the above-styled action and hereby file their

Complaint as follows:

1.

Plaintiffs are citizens of the state of Georgia residing at 5494

Sweetsprings Drive, Powder Springs, Cobb County, GA  30127.

2.

Defendant Tazhibaev Emilbek (hereinafter referred to as

"Defendant(s)" or "Emilbek") may be served at his personal residence, 2835

N. Damen Avenue, Apt. 2R, Chicago, Cook County, Illinois, 60618.

Defendant Emilbek is a citizen of the state of Illinois.

3.

Jurisdiction and venue are proper as to Defendant Emilbek pursuant to O.C.G.A. 40-12-1 et. seq.  and O.C.G.A. 9-10-90 et. seq.

4.

Defendant Emilbek has been properly served with process in this action.

5.

Defendant Global Transportation LLC (hereinafter referred to as "Defendant(s)" or "Global") is a corporation doing business in the state of Colorado. Defendant Global may be served via its registered agent, Rasul Khadzhiev at 4500 S. Monaco Street, Unit 1725, Denver, CO 80237. Defendant Global's principal place of business is 4500 S. Monaco Street, Unit 1725, Denver, CO 80237, and its state of incorporation is Colorado. Therefore, Defendant Global is a citizen of the state of Colorado.

6.

Jurisdiction and venue are proper as to Defendant Global pursuant to O.C.G.A. 40-12-1 et. seq.  and O.C.G.A. 9-10-90 et. seq.

7.

Defendant Global has been properly served with process in this action.

8.

Defendant Kavkaz Express LLC (hereinafter referred to as "Defendant(s)" or "Kavkaz") is a foreign corporation doing business in the state of Illinois with its principal place of business at 8051 E. Bayaud Avenue, Denver, CO 80230. Defendant Kavkaz may be served via its registered agent, Eldar Itlyashev at 1400 S. Wolf Road, Suite 209, Wheeling, Cook County, IL 60090.

9.

Jurisdiction and venue are proper as to Defendant Kavkaz pursuant to O.C.G.A. 40-12-1 et. seq. and O.C.G.A. 9-10-90 et. seq.

10.

Defendant Kavkaz has been properly served with process in this action.

11.

At the time of the subject collision, Defendant Knight Specialty Insurance (hereinafter also referred to as "Defendant(s)" or "Knight") provided a policy of liability insurance on behalf of Defendants, motor carriers for hire, the same being policy of insurance number AFXCO000598-

00.  Said policy was in effect on June 21, 2020, including at the time of the

subject collision.  Defendant Knight is subject to suit by direct action

pursuant to the provisions of O.C.G.A. §§ 40-1-112 and 40-2-140.  Defendant

Knight was incorporated in the state of Oregon and has its principle place of

business in the state of California.  Service may be made upon Defendant

Knight's registered agent, Registered Agent Solutions, Inc., 8130 SW

Beaverton Hillsdale Highway, Portland, Washington County, OR 97225.

12.

Jurisdiction and venue are proper as to Defendant Knight.

13.

Defendant Knight has been properly served with process in this action.

14.

The amount in controversy in this action exceeds the sum of Seventy-

Five Thousand ($75,000.00) dollars, exclusive of the interests and costs.

15.

The Court has diversity jurisdiction over this matter under 28 U.S.C. §

1332, because there is complete diversity between the parties.

16.

The acts, omissions, and other events forming the basis of Plaintiffs'

Complaint occurred within the state of Georgia, in Monroe County.  The traffic incident occurred in Monroe County, Georgia.  Defendants Emilbeck, Global, and Kavkaz are non-resident defendants using Georgia public roadways.  Defendant Knight's registered agent is in the state of Oregon. Venue is proper in the Middle District of Georgia, Macon Division, pursuant to 28 U.S.C. § 1391.

17.

At approximately 7:53 p.m. on June 21, 2020, Plaintiff Duru was operating a vehicle southbound on I75 SB/Ga. Hwy. 401 in Monroe County, Georgia.   Plaintiff Moore was a passenger in the vehicle operated by Plaintiff Duru.  At or about the same time, Defendant Emilbek was operating Defendants' tractor-trailer southbound on I75 SB/Ga. Hwy. 401.   Defendant Emilbek caused the vehicle he was then operating to collide (hereinafter "the collision") with the vehicle operated by Plaintiff Duru.  Emilbeck negligently followed too closely and was going too fast for conditions which negligence caused the subject collision and Plaintiffs' injuries.

18.

The collision was caused by Defendant Emilbek negligently following too closely and driving too fast for conditions and caused injury and damage

to Plaintiffs.

19.

As a direct and proximate result of Defendants' negligence, Plaintiffs sustained injuries and damages.

20.

At all times mentioned herein, Plaintiffs acted with reasonable care under the conditions and circumstances then existing.  Plaintiffs did not cause or contribute to the cause of the collision.

21.

Defendants' negligence included, but is not limited to, one or more of the following: negligently causing a collision in the roadway, negligently failing to keep a proper lookout, negligently failing to maintain his tractor-trailer under proper control, negligently failing to use or sound a signal or warning, negligently failing to make timely and proper application of brakes, negligently following too closely, negligently driving too fast for conditions, and any other acts of negligence that may be proven at trial.

22.

At the time of the subject incident and all relevant times, Defendant Emilbek was acting at the direction and under the control of Defendants

Global and Kavkaz, was an agent and employee of Defendants Global and
Kavkaz, operating Defendants' tractor-trailer in the course and scope of his
employment with Defendants Global and Kavkaz, with Defendants Global
and Kavkaz's permission.  Defendants are jointly and severally liable and
Global and Kavkaz are liable for the actions of Defendant Emilbek under
theories of *Respondeat Superior*, vicarious liability, and agency principles.

23.

Defendant Emilbek failed to operate Defendants' tractor-trailer with
the due care exercised by individuals in like or similar circumstances and
operated the tractor-trailer in a manner showing a disregard for the safety of
others, including Plaintiffs.

24.

Defendants' actions constituted negligence in operating the tractor-
trailer contrary to the reasonable and safe conditions and circumstances then
existing.

25.

Defendants' actions constituted negligence by engaging in a driving
manner which was ill-timed and improper, causing danger, injuries,
damages, losses, physical pain and emotional distress to Plaintiffs.

26.

Defendants were negligent in failing to adhere to routine and common industry standards regarding operation of the tractor-trailer at issue, including negligently failing to take appropriate precautionary measures and procedures to prevent injuries to others, including Plaintiffs.

27.

Because Defendants had knowledge of, or in the exercise of reasonable care should have had knowledge of the negligence discussed herein and the dangerous condition(s) created by their actions, Defendants are liable for the negligent supervision, hiring, training, and retention of their management, agents and employees and the entrustment of said tractor-trailer to said management, agents and employees.

28.

Defendants were negligent in failing to promulgate and enforce company policies, procedures and rules for the protection of the public, including but not limited to Plaintiff.

29.

Defendants failed to adhere to pertinent aspects of Georgia motor vehicle laws and regulations, Georgia motor carrier regulations, and all

applicable Federal motor carrier regulations.

30.

Defendants were and are negligent *per se*.

31.

Defendants were negligent for all other acts of negligence as may be shown at trial.

32.

Plaintiffs sustained injuries and damages, which were directly and proximately caused by the negligence of the Defendants.

33.

But for the negligence of Defendants, Plaintiffs would not have suffered serious injury, physical pain, mental and psychological suffering, inconvenience, and other injuries and damages as proven at the trial of this matter.

34.

As a result of Defendants' negligence, Plaintiff Duru has incurred reasonable, necessary, and continuing medical expenses from the injuries, exceeding $144,000.00, and will continue to incur expenses in the future, in an amount to be proven at trial.

35.

As a result of Defendants' negligence, Plaintiff Moore has incurred reasonable, necessary, and continuing medical expenses from the injuries, exceeding $143,000.00, and will continue to incur expenses in the future, in an amount to be proven at trial.

36.

Plaintiffs are entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, punitive and/or other damages permitted.  Plaintiffs state their intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

   a)  Personal injuries;

   b)  Past, present and future pain and suffering;

   c)  Disability;

   d)  Disfigurement;

   e)  Mental anguish;

   f)  Loss of the capacity for the enjoyment of life;

g)  Economic losses;

h)  Incidental expenses;

i)  Past, present and future medical expenses, likely exceeding $144,000.00 related to Plaintiff Duru;

j)  Past present and future medical expenses, likely exceeding $143,000.00 related to Plaintiff Moore;

k)  Permanent injuries; and

l)  Consequential damages to be proven at trial.

38.

That each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all of the above stated acts were the proximate causes of the injuries to Plaintiffs.  The Defendants are jointly and severally liable for Plaintiffs' injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the State of Georgia.

39.

Pursuant to the terms and conditions of its policy of insurance and applicable Georgia law, Defendant Knight is liable to Plaintiffs and responsible for payment of damages incurred by Plaintiffs as a result of the

negligent acts of Defendant Emilbek and Defendants Global and Kavkaz.

**WHEREFORE**, the Plaintiffs pray for a judgment to be awarded to them and against the Defendants for the following:

a) Process issue as provided by law;

b) Plaintiffs be awarded actual damages in amounts to be shown at trial from the Defendants;

c) Plaintiffs be awarded all general, special, compensatory, economic, punitive, attorneys' fees and expenses, and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia and Federal law;

d) Plaintiffs be awarded a trial by jury; and

e) Plaintiffs have such other relief as this Court deems just and appropriate under the circumstances.

TRIAL BY JURY IS HEREBY DEMANDED.

This 7th day of February, 2021.

Respectfully Submitted,

**WOOD CRAIG MILLER, LLC**

By: /s/ Harlan H. F. Wood
**HARLAN H. F. WOOD**
Georgia Bar No. 774205
Attorney for Plaintiffs

3520 Piedmont Road, N.E.
Suite 280
Atlanta, GA 30305
(404) 888-9962
Fax: (470) 552-3725
Email:  harlan@woodcraig.com

## **CERTIFICATION**

Counsel certifies that this document has been prepared with one of

the font and point selections approved by the Court in LR 5.1B, specifically

13-point, Century Schoolbook.

By: /s/ Harlan H. F. Wood
**HARLAN H. F. WOOD**
Georgia Bar No. 774205
Attorney for Plaintiffs